Cause No. 01-SC-21-00127
*Jasmine Vinson v. JP Morgan Chase Bank, N.A.*, Justice Court, Precinct 1
Collin County, Texas

**Exhibit "A"**

**<u>Index Of State Court File Documents</u>**

| | | |
|---|---|---|
| A-1 | Docket Sheet | |
| A-2 | Plaintiffs' Original Petition | March 29, 2021 |
| A-3 | Citation Issued to JPMorgan Chase Bank, N.A. | March 31, 2021 |
| A-4 | Affidavit of Service of Citation | April 6, 2021 |
| A-5 | JPMorgan Chase Bank, N.A.'s Original Answer | April 26, 2021 |
| A-6 | Notice of Trial Setting | May 4, 2021 |
| A-7 | JPMorgan Chase Bank, N.A.'s Amended Answer and Affirmative Defenses | May 5, 2021 |

# EXHIBIT "A-1"



(http://www.collincountytx.gov)

Back to Case Search Results

# Case Details

## Case History

**Case Number**
01-SC-21-00127

**Date Filed**
03/29/2021

**Case Type**
Small Claims

**Status**
Court Date Set

**Style**
Jasmine Vinson vs. JP MORGAN CHASE BANK, N.A

**Judicial Officer**
Raleeh, Paul M. in Precinct 1

## Parties

| Type | Name | DOB | Attorney | Address |
|------|------|-----|----------|---------|
| Defendant | JP MORGAN CHASE BANK, N.A | | Gregg D Stevens | McGlinchey Stafford, PLLC, Three Energy Square, 6688 North Central Expressway, Suite 400, Dallas, TX 75206 |
| Plaintiff | Vinson, Jasmine | | Shawn Jaffer | Shawn Jaffer Law Firm, PLLC, 8111 Lyndon B Johnson Fwy, Suite 720, Dallas, TX 75251 |

## Case Events

| Date | Event | |
|------|-------|---|
| 03/29/2021 | Case Filed (OCA) | |
| 03/29/2021 | Small Claims Petition | Details |
| 03/31/2021 | Cause Of Actions | |
| 03/31/2021 | Citation Issued for Service To: | Details |
| 03/31/2021 | Civil Citation Service | |
| 04/06/2021 | Citation Served | Details |
| 04/20/2021 | Answer Due | |
| 04/26/2021 | Answer Filed by Attorney | |
| 05/04/2021 | Set for Trial | Details |
| 05/04/2021 | E-Mailed Notice of Trial to All Parties | |

Page 1 of 2

| First | 1 | 2 | Last |

## Cause of Actions

| File Date | Remedy Sought | Remedy Amount |
|-----------|---------------|---------------|
| 03/31/2021 | Attorney Costs | $0.00 |

## Financial Summary

| Party Type | Charges | Payments | Balance |
|------------|---------|----------|---------|
| Plaintiff | $51.00 | $51.00 | $0.00 |

## Transactions

| Date | Amount | |
|------|--------|---|
| 03/30/2021 | $51.00 | Details |
| 03/30/2021 | ($51.00) | Details |

Back to Case Search Results

Copyright © 2021 Collin County Texas * All Rights Reserved * 972.548.4100 (McKinney) * 972.424.1460(Metro)

Privacy & Accessibility (http://www.collincountytx.gov/Pages/privacy.aspx)
This site is protected by reCAPTCHA and the Google Privacy Policy (https://policies.google.com/privacy) and Terms of Service (https://policies.google.com/terms) apply.



(http://www.collincountytx.gov)

Back to Case Search Results

# Case Details

## Case History

**Case Number**
01-SC-21-00127

**Date Filed**
03/29/2021

**Case Type**
Small Claims

**Status**
Court Date Set

**Style**
Jasmine Vinson vs. JP MORGAN CHASE BANK, N.A

**Judicial Officer**
Raleeh, Paul M. in Precinct 1

## Parties

| Type | Name | DOB | Attorney | Address |
|------|------|-----|----------|---------|
| Defendant | JP MORGAN CHASE BANK, N.A | | Gregg D Stevens | McGlinchey Stafford, PLLC, Three Energy Square, 6688 North Central Expressway, Suite 400, Dallas, TX 75206 |
| Plaintiff | Vinson, Jasmine | | Shawn Jaffer | Shawn Jaffer Law Firm, PLLC, 8111 Lyndon B Johnson Fwy, Suite 720, Dallas, TX 75251 |

## Case Events

| Date | Event | |
|------|-------|--|
| 05/04/2021 | Mailed Notice of Trial to All Parties | |
| 05/05/2021 | Amended Answer | Details |
| 09/01/2021 | Trial Before The Court for JP's | Details |

Page 2 of 2



## Cause of Actions

| File Date | Remedy Sought | Remedy Amount |
|-----------|---------------|---------------|
| 03/31/2021 | Attorney Costs | $0.00 |

## Financial Summary

| Party Type | Charges | Payments | Balance |
|------------|---------|----------|---------|
| Plaintiff | $51.00 | $51.00 | $0.00 |

## Transactions

| Date | Amount | |
|------|--------|--|
| 03/30/2021 | $51.00 | Details |
| 03/30/2021 | ($51.00) | Details |

Back to Case Search Results

Copyright © 2021 Collin County Texas * All Rights Reserved * 972.548.4100 (McKinney) * 972.424.1460(Metro)

Privacy & Accessibility (http://www.collincountytx.gov/Pages/privacy.aspx)

This site is protected by reCAPTCHA and the Google Privacy Policy (https://policies.google.com/privacy) and Terms of Service (https://policies.google.com/terms) apply.

# EXHIBIT "A-2"

CAUSE NO. _____

| | |
|---|---|
| JASMINE VINSON; | **IN THE JUSTICE COURT** |
| Plaintiff, | |
| v. | **PRECINCT 1** |
| JP MORGAN CHASE BANK, N.A.; | |
| Defendant. | **COLLIN COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff JASMINE VINSON ("Plaintiff"), by and through her attorneys, the SHAWN JAFFER LAW FIRM, and bring this *Original Petition* against Defendant JP MORGAN CHASE BANK, N.A. ("Defendant Chase") and respectfully sets forth, complains, and alleges, upon information and belief, the following:

### DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiff reserves the right to petition this Court to engage in pretrial discovery pursuant to Rule 500.9 of the Texas Rules of Civil Procedure.

### PARTIES AND SERVICE

2.     Plaintiff is a resident of Collin County, Texas.

3.     At all times material hereto, Plaintiff was a "Consumer" as said term is defined under 15 U.S.C. § 1681a(c).

4.     Defendant Chase is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2. Defendant Chase may be served at its headquarters at 4400 Easton Commons Way, Suite 125, Columbus OH 43219.

---

Page **1** of **7**

## JURISDICTION & VENUE

5.      This Court has personal jurisdiction over all the parties because both parties reside and/or

engage in business in the State of Texas.  Further, this Court has jurisdiction of this cause of action

in that it involves an amount in controversy within the original jurisdiction of this Court.

6.      Plaintiffs seek monetary relief within this Court's jurisdictional limits.

7.      Venue in Collin County, Texas is proper in this cause pursuant to Section 15.002 of the

Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions

giving rise to this lawsuit occurred in Collin County, Texas.

## FACTUAL ALLEGATIONS

8.      Plaintiff incorporates by reference all of the above paragraphs of this Petition as though

fully stated herein with the same force and effect as if the same were set forth at length herein.

9.      On about September 26, 2013, Plaintiff obtained a personal auto loan "Account" from

Defendant Chase.

10.     On June 28, 2019, Defendant Chase reported the Account as charged off account to

Experian Information Solutions, Inc. ("Experian") a consumer credit reporting agency with an

alleged balance remaining of $1,938.18.

11.     On or about December 24, 2020, Plaintiff paid off the Account in full to Defendant Chase

with no balance remaining. See Exhibit "A".

12.     Defendant Chase continues to furnish inaccurate payment history and payment status to

Experian and TransUnion.

13.     Experian continues to report false, inaccurate and incomplete payment history and payment

status on Plaintiff's consumer file.

14.     Particularly Defendant Chase continues to falsely and inaccurately report the status as "$1,938 written off."  See Exhibit B.

15.     Up until the date of this pleading Defendant Chase continues to furnish false, incomplete, and inaccurate information relating to the Account which has directly harmed Plaintiff's credit report and scores and ability to obtain credit at prime interest rates.

16.     Defendant Chase failed to conduct a reasonable investigation and review the documents provided by the Plaintiff in her complaint and review its own internal records. If Chase had simply conducted a reasonable investigation then it would have removed the false, inaccurate and incomplete information from the Plaintiff's consumer file.

17.     As a result of Defendant Chase's actions and inactions, Plaintiff suffered direct and proximate emotional and financial harm.  This harm included but was not limited to mental anguish and emotional distress, humiliation, and damage to Plaintiff's reputation, and monetary loss including, but not limited to, postage, and hours spent attempting to correct this error.

### FIRST CAUSE OF ACTION
### (Willful Violation of the FCRA as to Chase)

14.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

15.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

16.     Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

17.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The

furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

18.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

19.     The Defendant Chase violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

20.     Specifically, the Defendant Chase continued to report this account as belonging to Plaintiff with a balance on the Plaintiff's credit report after being notified of her dispute that this charged-off account was not valid.

21.     As a result of the conduct, action and inaction of the Defendant Chase, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

22.     The conduct, action and inaction of Defendant Chase was willful, rendering Defendant Chase liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

23.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Chase in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

**WHEREFORE,** Plaintiff an individual, demands judgment in her favor against Defendant Chase for damages together with attorney's fees and court costs pursuant to15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Chase)

24.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

25.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

26.     Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

27.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

28.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

29.     Defendant Chase is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

30.     After receiving the Dispute Notice from Trans Union, Experian and Equifax, Defendant Chase negligently failed to conduct its reinvestigation in good faith and continued to report the false collection account.

31.     A reasonable investigation would require a furnisher such as Defendant Chase to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

32.     The conduct, action and inaction of Defendant Chase was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

33.     As a result of the conduct, action and inaction of the Defendant Chase, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

34.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Chase in an amount to be determined by the Court pursuant to 15 U.S.C.
§ 1601(n) and 1681o.

        **WHEREFORE,** Plaintiff an individual, demands judgment in her favor against Defendant Chase, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court:

1. Declare that Defendant Chase violated the Fair Credit Reporting Act;

2. Enter judgment against Defendant, for statutory, actual, and punitive damages, costs, and reasonable attorney's fees as provided by the FCRA;

3. Enter judgment against Defendant for pre-judgment and post-judgment interest as provided by law; and

4.  For any such other and further relief, including equitable relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

DATED: March 29, 2021                          Respectfully Submitted,

                                               **SHAWN JAFFER LAW FIRM PLLC**

                                               /s/ Shawn Jaffer_____.
                                               Shawn Jaffer
                                               Bar No.: 24107817
                                               8111 Lyndon B Johnson Fwy
                                               Suite 350
                                               Collin, TX 75251
                                               T:  (214) 238-4855
                                               F:  (888) 530-3910
                                               E-mail:    attorneys@jaffer.law
                                               *Attorney for Plaintiff Jasmine Vinson*

# EXHIBIT "A-3"

Cause No. 01-SC-21-00127

| JASMINE VINSON | § | IN THE JUSTICE COURT |
|---|---|---|
| VS. | § | PRECINCT 1 |
| JP MORGAN CHASE BANK NA | § | COLLIN COUNTY, TEXAS |
| 4400 EASTON COMMONS WAY | | |
| SUITE 125 | | |
| COLUMBUS OH 43219 | | |

THE STATE OF TEXAS TO **JP MORGAN CHASE BANK, N.A**, DEFENDANT, in the hereinafter-styled and numbered cause:

**You have been sued. You may employ an attorney to help you in defending against this lawsuit. But you are not required to employ an attorney. You or your attorney must file an answer with the court. Your answer is due by the end of the 14th day after the day you were served with these papers. If the 14th day is a Saturday, Sunday, or legal holiday, your answer is due by the end of the first day following the 14th day that is not a Saturday, Sunday, or legal holiday. Do not ignore these papers. If you do not file an answer by the due date, a default judgment may be taken against you. For further information, consult Part V of the Texas Rules of Civil Procedure, which is available online and also at the court listed on this citation.**

This citation is issued pursuant to a petition filed by the above-named plaintiff on March 29, 2021.

Your answer may be filed with this court, located at 2300 Bloomdale Rd., Suite 1164  McKinney Texas  75071.

ISSUED this the 31st day of March, 2021.

Judge Paul M. Raleeh
Justice of the Peace,
Precinct 1
Collin County, Texas



# EXHIBIT "A-4"

 CT Corporation

**Service of Process Transmittal**
04/06/2021
CT Log Number 539338581

**TO:** Tonya Anderson
JPMorgan Chase Bank, N.A.
700 KANSAS LN
MONROE, LA 71203-4774

**RE:** **Process Served in Ohio**

**FOR:** JPMorgan Chase Bank, National Association  (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JASMINE VINSON, PLTF. vs. JP MORGAN CHASE BANK, N.A., DFT. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified Case # 01SC2100127 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Columbus, OH |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/06/2021 at 15:31 |
| **JURISDICTION SERVED :** | Ohio |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/06/2021, Expected Purge Date: 05/06/2021 Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System 4400 Easton Commons Way Suite 125 Columbus, OH 43219 800-448-5350 MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**               Tue, Apr 6, 2021

**Server Name:**        Jeffrey Cremeans

| Entity Served | JPMORGAN CHASE BANK, NATIONAL ASSOCIATION |
|---|---|
| Agent Name | CT CORPORATION SYSTEM |
| Case Number | 01-SC-21-00127 |
| Jurisdiction | OH |



# EXHIBIT "A-5"

CAUSE NO. 01-SC-21-00127

| | | |
|---|---|---|
| JASMINE VINSON, | § | IN THE JUSTICE COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | PRECINCT 1 |
| | § | |
| JP MORGAN CHASE BANK, N.A., | § | |
| | § | |
| *Defendant.* | § | |
| | § | OF COLLIN COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

COMES NOW Defendant JPMorgan Chase Bank, N.A. ("Chase"), and files this its Original Answer to Plaintiff Jasmine Vinson ("Plaintiff") Original Petition (the "Petition"), and show the Court as follows:

### I.      GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Chase generally denies each and every claim, charge, and allegation contained in Plaintiff's Petition, and requests that the Court require Plaintiff to prove her claims by a preponderance of the evidence or such higher standard as may be applicable.

For the above reasons, Chase respectfully requests that the Plaintiff take nothing by her Petition and for such other and further relief to which it may be entitled.

Respectfully submitted,


By:     /s/ Gregg D. Stevens
          GREGG D. STEVENS
          Texas State Bar No. 19182500
          FRANK J. CATALANO
          Texas State Bar No. 24052991
          MCGLINCHEY STAFFORD PLLC
          Three Energy Square
          6688 N. Central Expressway, Ste. 400
          Dallas, Texas 75206
          Telephone: (214) 445.2445
          Facsimile: (214) 445.2450
          gstevens@mcglinchey.com
          fcatalano@mcglinchey.com

          **ATTORNEYS FOR DEFENDANT**




## CERTIFICATE OF SERVICE

        I hereby certify that a true and correct copy of the foregoing Original Answer has been
served on all parties in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this 26th day
of April, to all known counsel of record.


                    /s/ Gregg D. Stevens
                    GREGG D. STEVENS

# EXHIBIT "A-6"

# JUSTICE COURT
## PRECINCT 1
## COLLIN COUNTY, TEXAS

**PLAINTIFF**                                    **DEFENDANT**
Jasmine Vinson                          JP MORGAN CHASE BANK, N.A

*Plaintiff Attorney:*                          *Defendant Attorney:*
Shawn Jaffer                                Gregg D Stevens
Shawn Jaffer Law Firm PLLC              McGlinchey Stafford PLLC
8111 Lyndon B Johnson Fwy Suite 720         Three Energy Square
Dallas TX 75251               6688 North Central Expressway Suite 400
Dallas TX 75206

### 01-SC-21-00127

In accordance with the Texas Rules of Civil Procedure, you are hereby notified to appear before the Justice Court, Precinct 1, at **10:00 AM on the 1st day of September, 2021** for a trial on the above cause filed in this Court.

This trial will be held in the Courtroom at:
**2300 Bloomdale Rd, Suite #1148 McKinney, TX 75071**

Most Pre-Trial motions will be heard the day of trial. If the motion is denied, please be prepared to move directly in trial.

**This court appearance is a serious matter and appropriate attire is demanded. Business casual is accepted.**

If you have further questions, please contact the Court Clerk at the number listed below.

Witness my official signature this 4TH DAY OF MAY, 2021.

_____

Ashley Gidney
Civil Clerk
972-548-4127

# EXHIBIT "A-7"

Filing reviewed on 5/5/2021 by Ashley Gidney

## CAUSE NO. 01-SC-21-00127

| | | |
|---|---|---|
| **JASMINE VINSON,** | § | **IN THE JUSTICE COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **PRECINCT 1** |
| | § | |
| **JP MORGAN CHASE BANK, N.A.,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | **OF COLLIN COUNTY, TEXAS** |

### <u>DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES</u>

COMES NOW Defendant JPMorgan Chase Bank, N.A. ("Chase"), and files this its Amended Answer and Affirmative Defenses to Plaintiff Jasmine Vinson ("Plaintiff") Original Petition (the "Petition"), and show the Court as follows:

### I.   <u>GENERAL DENIAL</u>

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Chase generally denies each and every claim, charge, and allegation contained in Plaintiff's Petition, and requests that the Court require Plaintiff to prove her claims by a preponderance of the evidence or such higher standard as may be applicable.

### II.   <u>AFFIRMATIVE DEFENSES</u>

1.   Plaintiff fails to state a claim upon which relief may be granted against Chase.

2.   Chase is not liable to the Plaintiff because the Plaintiff's own acts or omissions proximately caused or contributed to her alleged injuries.

3.   Plaintiff's damages, if any, were not proximately caused by any act or omission on the part of Chase.

4.   Plaintiff's claims are barred, in whole or in part, due to her failure to mitigate her alleged damages.

5.      Plaintiff's claims are barred, in part or in whole, under the doctrine of laches, waiver, estoppel and/or unclean hands.

6.      Chase is not liable for the claims in Plaintiff's Petition because Chase's conduct at all times complied with, or was in good faith conformity, with all applicable contracts, laws, and regulations.

7.      Plaintiff has not sustained any damages proximately caused by Chase.

8.      Any damages sustained by Plaintiff (the existence of which is denied) were the result of acts or omissions of parties other than Chase, for which Chase is not legally responsible.

9.      Chase denies any liability for exemplary or punitive damages.  In the unlikely event that the trial of this cause results in the finding of exemplary or punitive damages, Chase hereby invokes the limitations on the amount of punitive damages inherent under the due process clause of the United States Constitution, Fourteenth Amendment.

10.     Plaintiff's claim may be barred by the applicable statute of limitations.

11.     Chase reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

For the above reasons, Chase respectfully requests that the Plaintiff take nothing by her Petition and for such other and further relief to which it may be entitled.

Respectfully submitted,


By: _____*/s/ Gregg D. Stevens*_____
      GREGG D. STEVENS
      Texas State Bar No. 19182500
      FRANK J. CATALANO
      Texas State Bar No. 24052991
      MCGLINCHEY STAFFORD PLLC
      Three Energy Square
      6688 N. Central Expressway, Ste. 400
      Dallas, Texas 75206
      Telephone: (214) 445.2445
      Facsimile: (214) 445.2450
      gstevens@mcglinchey.com
      fcatalano@mcglinchey.com

      **ATTORNEYS FOR DEFENDANT**




## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Original Answer has been served on all parties in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this 5th day of May, 2021, to all known counsel of record.


      */s/ Gregg D. Stevens*_____
      GREGG D. STEVENS